**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ALONZO GILLIAM, III                                                                    PLAINTIFF
ADC # 098194

v.                                            2:13CV00103-KGB-JJV

WENDY L. KELLY,
Deputy Director, ADC; *et al.*                                                   DEFENDANTS

<u>**MEMORANDUM AND ORDER**</u>

On April 30, 2015, the Court held a pre-jury hearing to determine the legal sufficiency of

Plaintiff's excessive force claim against Defendant Mark Allen.[1] After considering the parties'

testimony and argument, the Court concludes this claim should proceed to trial.

First, the Court notes that the parties' accounts of the relevant incident diverge.[2] At the

hearing, Plaintiff testified that on November 13, 2011, he was transferred from isolation cell 113 to

isolation cell 24. He testified that he complied with Defendant Allen's initial order to enter the new

cell. While attempting to comply, Correctional Office Minor allegedly told him to stop. Plaintiff

testified that he then hesitated, prompting Defendant Allen to shove him face first into the cell bars.

He testified that he attempted to rise, but Defendant Allen shoved him again.  Finally, Plaintiff

testified that, as a result of Defendant Allen's shoves, his tooth punctured his lip and caused his face

to swell.[3]

--------

[1]All other claims and Defendants have either been dismissed or been recommended for
dismissal. (See Doc. Nos. 147, 165, 226, 331, 425.)

[2]The audio of the testimony at the pre-jury hearing was recorded. No written transcription
was available at the time this Order's issuance.

[3]Defendant's counsel argued that no medical evidence of this injury exists. Plaintiff stated
that the medical records at issue were incorrect. The Court will not attempt to resolve this dispute
at the pre-jury stage. Instead, these arguments should be reserved for trial.

By contrast, Defendant Allen testified that he used only the force necessary to close the cell door after Plaintiff leaned against it. He stated that Plaintiff became agitated after he learned that he would not be allowed to possess his property while on "behavioral control" status. When Plaintiff attempted to stop the cell door from closing, Defendant Allen and other correctional officers applied force to the door in order to close it. He denied the use of any force against Plaintiff's person.

These accounts are plainly contradictory and it would be inappropriate for the Court to make a determination as to which is more credible. That determination must be left to the finder of fact, in this case a jury. In reaching this conclusion, the Court does not lightly dismiss the arguments of Defendant Allen's counsel - namely that excessive force would not arise even if Plaintiff's account were taken as true. The Court finds, however, that Plaintiff's allegations plainly implicate the use of force beyond what was necessary to maintain discipline or unit security. Whether his account is to be credited is a question of fact rather than law.

In light of the foregoing, the Court will refer Plaintiff's excessive force claim back to the District Judge for trial. The Court will also appoint counsel for Plaintiff.

So Ordered this 1st day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE