IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ALONZO GILLIAM, III,**                                                                                         **PLAINTIFF**
**ADC# 098194**

v.                              Case No. 2:13-cv-00103-KGB-JJV

**WENDY L. KELLY,**
**Deputy Director, ADC; et al.**                                                                              **DEFENDANTS**

## ORDER

The Court has received five Proposed Findings and Recommendations ("Recommendations") from United States Magistrate Judge Joe J. Volpe (Dkt. Nos. 165, 226, 331, 343. 425) and plaintiff Alonzo Gilliam III's objections (Dkt. No. 176, 250, 346, 369, 431, 432). Mr. Gilliam has also filed two "Appeals" to this Court of two orders entered by Magistrate Judge Volpe (Dkt. Nos. 323, 334), which the Court construes, to the extent they apply to any Recommendation, as objections to the Recommendations. After a review of all the Recommendations, and the objections received thereto, as well as a *de novo* review of the record, the Court adopts in their entirety the first, third, fourth, and fifth Recommendations. The Court adopts, as modified by this Order, the second Recommendation. To the extent necessary, the Court denies both of Mr. Gilliam's attempts to appeal to this Court two orders entered by Judge Volpe.

The first Recommendation recommends that the Court grant defendant Latoris Willis's motion to dismiss (Dkt. No. 131). In response to the first Recommendation, Mr. Gilliam filed a "Notice," indicating that he "has no objection to defendant Willis being dismissed as a defendant" (Dkt. No. 176). Accordingly, the Court adopts in its entirety the first Recommendation and dismisses Mr. Gilliam's claims against Mr. Willis (Dkt. No. 165).

The second Recommendation recommends that the Court grant defendant Arthur Witherspoon's motion to dismiss (Dkt. No. 199). The Court writes separately to address Mr. Gilliam's objections. Mr. Gilliam alleges two incidents involving Mr. Witherspoon. First, Mr. Gilliam alleges that he was told by Mr. Witherspoon that a maintenance slip had been submitted to fix lighting problems in his cell and that appropriate staff were aware of the problem. Second, Mr. Gilliam claims that Mr. Witherspoon "fail[ed] to stop the tray that had feces on it from being sent to plaintiff when he by his own admission stated that Sgt. P. Hill sent the tray to plaintiff" (Dkt. No. 250, at 2). The Court will address each of these claims in turn.

As to his cell-lighting and maintenance slip allegations, Mr. Gilliam does not allege in his complaint that Mr. Witherspoon lied or deceived him about the maintenance slip or about Mr. Witherspoon's statement that appropriate staff were aware of the lighting problem. Accordingly, the second Recommendation finds that Mr. Gilliam failed to allege in his complaint that Mr. Witherspoon subjectively knew of but disregarded a threat to Mr. Gilliam's safety as required to state a valid claim regarding his conditions of confinement. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). For this reason, Judge Volpe recommends in the second Recommendation dismissal of Mr. Gilliam's allegations against Mr. Witherspoon. However, Judge Volpe stated in the second Recommendation in a footnote, "If Plaintiff believes that Witherspoon was aware that maintenance had not been informed of the lighting situation, he may indicate as much in his objections to this Recommendation. The Court reminds Plaintiff that such allegations must plead enough facts to be facially plausible." (Dkt. No. 226, n.5).

In fact, although Mr. Gilliam acknowledges that he did not allege that Mr. Witherspoon had lied or deceived him, he contends that, after conducting some discovery, he now has "received documentation that shows not only did [Mr.] Witherspoon lie and deceive Plaintiff but

2

several other defendants did as well because none of them alerted maintenance or submitted a maintenance repair slip as they had informed Plaintiff they had regarding the lights" and that, as a result, Mr. Gilliam was forced to "remain in the cell longer expose[d] to harassment, retaliation and prolonged exposure to darkness." (Dkt. No. 250, at 2). Mr. Gilliam requests permission to file an amended complaint to add these allegations.

Federal Rule of Civil Procedure 15(a) grants discretion to the Court to grant or deny a motion by a party to amend that party's pleading when the parties can no longer amend as a matter of course. Fed. R. Civ. P. 15(a). The Eighth Circuit has held that "'futility constitutes a valid reason for denial of a motion to amend.'" *K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 899 (8th Cir. 2002) (quoting *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999)). Further, a district court may *sua sponte* dismiss a plaintiff's claims without notice and an opportunity to be heard when it is patently obvious the plaintiff cannot prevail. *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (affirming district court's *sua sponte* dismissals of prisoner's "meritless" claims). The Court denies as futile Mr. Gilliam's request to amend his complaint to add these allegations that Mr. Witherspoon lied to and deceived Mr. Gilliam. Mr. Gilliam has not exhausted his administrative remedies against Mr. Witherspoon, making any request to amend his complaint futile.

Mr. Gilliam alleges that on March 5 or 6, 2012, he was placed in a cell without lighting and that Mr. Witherspoon, along with other defendant officers, told Mr. Gilliam that the officers were going to submit a maintenance slip and later informed Mr. Gilliam that the maintenance slips had been submitted (Dkt. No. 9, at 12). Mr. Gilliam repeated these allegations against Mr. Witherspoon and the other defendants in his second amended complaint (Dkt. No. 275). In the fifth Recommendation, Judge Volpe notes that Mr. Gilliam failed to exhaust his administrative

remedies with regard to the March 5 or 6 cell-lighting and maintenance-slip incidents because he failed to identify the prison employees about whom he was filing his grievances and, thus, did not follow the Arkansas Department of Correction grievance directives (Dkt. No. 425). Moreover, the evidence supporting Judge Volpe's fifth Recommendation as to other defendants also confirms that Mr. Gilliam failed to exhaust his administrative remedies as to Mr. Witherspoon for the cell-lighting and maintenance-slip allegations (Dkt. Nos. 2, at 49; 383-12). In an affidavit, the Grievance Coordinator for the Arkansas Department of Correction states that Mr. Gilliam submitted only two grievances regarding the cell-light and maintenance-slip issues and that neither of these grievances identified individual prison employees (Dkt. No. 383-12, at 2).

The Court has reviewed Mr. Gilliam's grievances, which he attached to his initial complaint. Mr. Gilliam's grievances regarding the cell-lighting and maintenance slip incidents do not mention or identify Mr. Witherspoon or the other defendants (Dkt. No. 2, at 39-45, 49). Accordingly, based on a review of Mr. Gilliam's pleadings and the record evidence in this case, Mr. Gilliam has not exhausted the grievance procedures for his cell-lighting and maintenance-slip allegations against Mr. Witherspoon. Therefore, the Court adopts the second Recommendation as modified in this Order and dismisses Mr. Gilliam's cell-lighting and maintenance-slip claims against Mr. Witherspoon.

Next, Mr. Witherspoon moves to dismiss Mr. Gilliam's allegations regarding the dirty food tray. Mr. Gilliam has responded to Mr. Witherspoon's motion to dismiss (Dkt. No. 215). The second Recommendation does not address this claim. Mr. Gilliam attached to his initial complaint the grievances and related documents regarding this claim (Dkt. No. 2, at 46). These materials and Mr. Gilliam's allegations indicate that Mr. Gilliam received a tray he believed had

feces on it, that Mr. Witherspoon returned the allegedly dirty tray, and that Mr. Witherspoon allegedly gave a new tray to Mr. Gilliam. Mr. Witherspoon moves to dismiss this claim, contending that it fails to state a valid conditions of confinement and deliberate indifference claim, that Mr. Witherspoon is entitled to qualified immunity, and that Mr. Gilliam has made no prior showing of a physical injury as required under the Prison Litigation Reform Act.

To survive Mr. Witherspoon's motion to dismiss the allegations regarding the dirty food tray, Mr. Gilliam's claim "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 570 (2007)). Accepting Mr. Gilliam's allegations as true, his claim regarding the food tray fails to state a claim for relief that is plausible on its face.

Based on his allegations and response to Mr. Witherspoon's motion to dismiss, Mr. Gilliam contends that his allegations regarding the dirty food tray state a valid conditions of confinement and deliberate indifference claim against Mr. Witherspoon (Dkt. Nos., 9, at 10-11; 275, at 18). "To establish a 'conditions-of-confinement' claim . . . [Mr. Gilliam] must show that 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Mr. Gilliam must demonstrate that he suffered "'extreme deprivations, meaning that he was denied the 'minimal civilized measure of life's necessities.'" *Id.* Further, Mr. Gilliam must allege that Mr. Witherspoon actually knew of, but disregarded the threat to, Mr. Gilliam's safety.

Mr. Gilliam's allegations regarding the food tray do not establish an objectively harmful "extreme deprivation" to Mr. Gilliam. Mr. Gilliam alleges that Mr. Witherspoon laughed when

Mr. Gilliam stated there were feces on the food tray, that he indicated to Mr. Gilliam that another officer sent the dirty food tray, and that he then returned the food tray and brought back a new one to Mr. Gilliam.  Accepting these allegations as true, the Court finds that Mr. Gilliam fails to allege that he "suffered an objectively serious mental or physical injury from the conditions of his confinement." *Id.*; *see Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (holding that, where plaintiff was subject to an "overflowed toilet in his cell for four days," such "allegations regarding 'raw sewage' d[id] not rise to a level of constitutional significance" because plaintiff "did not allege that he was exposed to disease or suffered any other consequences of the exposure" and was "offered an opportunity to flush the toilet and to clean up the mess but he declined"); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (finding no Eighth Amendment violation where prisoner was confined to unsanitary cell for 11 days but where cleaning supplies were available to prisoner).

Accordingly, the Court finds that Mr. Gilliam's allegations against Mr. Witherspoon regarding the dirty food tray fail to state a claim upon which the Court may grant relief. Therefore, the Court grants Mr. Witherspoon's motion to dismiss this claim (Dkt. No. 199).

For these reasons, the Court adopts as modified the second Recommendation and dismisses Mr. Gilliam's allegations against Mr. Witherspoon.

The third Recommendation recommends dismissing defendant Erin Smith from this action under Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve the defendant within 120 days.  Rule 4(m) provides:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

> This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  Under 28 U.S.C. § 1915(d), for purposes of plaintiffs proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See also Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997).

A plaintiff's suit will not be dismissed if the plaintiff can show good cause why service was not effected in a timely manner.  Fed. R. Civ. P. 4(m).  In a *pro se* prisoner context, "[s]o long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service 'is automatically good cause with the meaning of [Fed. R. Ci. P. 4(m)].'"  *Moore*, 123 F.3d at 1086-87 (quoting *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds in*, *Sandin v. Conner*, 515 U.S. 472 (1995)).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshall or the court clerk has failed to perform his duties . . . ."  *Walker*, 14 F.3d at 1422 (internal quotations omitted) (holding that *pro se* prisoner did not show cause when he "did not prove that he provided the marshal with sufficient information to serve" defendant).

The United States Marshals Service first attempted to effect service on Ms. Smith by mailing the summons to Ms. Smith at the post office box address for the East Arkansas Regional Unit ("EARU") on September 18, 2013 (Dkt. No. 57).  However, the Marshals Service lacked Ms. Smith's first name and, thus, failed to effect service on her (*Id.*).  Upon receiving Ms. Smith's first name, the Marshals Service again attempted to effect service on her by mailing the summons to the EARU on July 30, 2014, but the summons was returned unexecuted indicating that Ms. Smith was "no longer employed at ADC" (Dkt. No. 167).  The Marshalls Service then attempted to effect service on Ms. Smith at her last known address on October 8, 2014, but the

summons has not been executed. Mr. Gilliam contends that Ms. Smith remains employed at the EARU but that she moved to the night shift, married Sergeant Graham at the EARU, and changed her last name to either Ms. Smith-Graham or Ms. Graham. Mr. Gilliam states that he informed Magistrate Judge Volpe of these alleged facts "repeatedly" and as recently as December 22, 2014, at a status hearing before Magistrate Judge Volpe, where defendants represented again to the Court that Ms. Smith does not work at the EARU (Dkt. No. 346, at 1). The third Recommendation was submitted on January 6, 2015, nearly one year and five months after Mr. Gilliam commenced this action.

The Court is cognizant of Mr. Gilliam's disadvantage in having to rely upon the Marshals Service to effect service for him. *See, e.g.*, *Campbell v. Ill. Dep't of Corrections*, 907 F. Supp. 1173, 1178 (N.D. Ill. 1995). Nonetheless, Mr. Gilliam has not shown that the Marshals Service or the Clerk of the Court has failed to perform its duties. Although Mr. Gilliam asserts that Ms. Smith still works at the EARU, the Marshals Service has attempted to serve the summons on Ms. Smith at the EARU but has been informed that she no longer works there, which other defendants have confirmed to the Court. Under these circumstances, the Court finds that Mr. Gilliam has not proven that he provided the Marshals Service with sufficient information to serve Ms. Smith. Therefore, Mr. Gilliam has failed to show cause for the failure to serve Ms. Smith. *See id.; Walker*, 14 F.3d at 1422; *Daniels v. Correctional Med. Servs., Inc.*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (dismissing two defendants who were no longer employed with employer defendant where made no further attempts to serve the two former employee defendants). The Court adopts in its entirety the third Recommendation and dismisses without prejudice Mr. Gilliam's claims against Ms. Smith. Because the Court dismisses Mr. Gilliam's claims against Ms. Smith for lack of effective service of process, the Court denies as moot Mr. Gilliam's

attempt to appeal Judge Volpe's denial of Mr. Gilliam's motion for default judgment against Ms. Smith (Dkt. No. 334).

The fourth Recommendation recommends denying Mr. Gilliam's motion for partial summary judgment against Defendant Kevin T. Minor (Dkt. No. 313). In his objection to the fourth Recommendation, Mr. Gilliam contends that his reply to defendants' response to his motion for summary judgment was not considered in the fourth Recommendation. The Court has reviewed Mr. Gilliam's reply and his objection to the fourth Recommendation, as well as the record in this case. Mr. Gilliam's reply and his objection underscore that, as the fourth Recommendation finds, genuine issues of material fact exist as to Mr. Gilliam's claims against Mr. Minor. Accordingly, the Court adopts in its entirety the fourth Recommendation and denies Mr. Gilliam's motion for partial summary judgment against Mr. Minor.

The fifth Recommendation recommends that defendants' motion for summary judgment be granted in part and denied in part (Dkt. No. 381) and that plaintiff's motion for partial summary judgment be denied (Dkt. No. 389). Specifically, Judge Volpe recommends that Mr. Gilliam's excessive force claims against Mr. Minor and his conditions of confinement claims against Fidel Cobbs, Clay Rosborough, Doug Lockhart, Terry Doyle, and Bill Parsons be dismissed without prejudice for failure to exhaust administrative remedies; that Mr. Gilliam's false disciplinary and retaliation claims against Mr. Minor be dismissed with prejudice; and that Mr. Gilliam be allowed to proceed with his excessive force claim against Mr. Allen. Judge Volpe also recommends that Mr. Gilliam's motion for summary judgment be denied. The Court has reviewed the fifth Recommendation, Mr. Gilliam's objections, and the record *de novo* and determines that the fifth Recommendation should be, and hereby is, adopted in its entirety by this

Court. The Court grants in part and denies in part defendants' motion for summary judgment and denies Mr. Gilliam's motion for summary judgment.

The Court therefore orders that:

1. Defendant Mr. Willis's motion to dismiss is granted (Dkt. No. 131).

2. All claims against Mr. Willis are dismissed without prejudice.

3. The Clerk shall amend the docket to reflect that Defendant Mr. 'Wiederspoon' is appropriately named Arthur Witherspoon.

4. Mr. Witherspoon's motion to dismiss is granted (Dkt. No. 199).

5. Defendant Ms. Smith is dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

6. Mr. Gilliam's motion for partial summary judgment is denied (Doc. No. 313).

7. Defendants' motion for summary judgment is granted in part and denied in part (Dkt. No. 381).

8. Specifically, Mr. Gilliam's excessive force claims against Mr. Minor and his conditions of confinement claims against Fidel Cobbs, Clay Rosborough, Doug Lockhart, Terry Doyle, and Bill Parsons are dismissed without prejudice for failure to exhaust administrative remedies.

9. Mr. Gilliam's false disciplinary and retaliation claims against Mr. Minor are dismissed with prejudice.

10. Mr. Gilliam is allowed to proceed with his excessive force claim against Mr. Allen; summary judgment as to this claim is denied.

11. Mr. Gilliam's motion for partial summary judgment is denied (Dkt. No. 389).

12. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

SO ORDERED this 14th day of May, 2015.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge

11